UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MARCELINE D.,           ) | |
|                         ) | |
|     Plaintiff           ) | |
|                         ) | |
| v.                      ) | 1:20-cv-00317-GZS |
|                         ) | |
| KILOLO KIJAKAZI, Acting Commissioner ) | |
| of Social Security,     ) | |
|                         ) | |
|     Defendant           ) | |

### REPORT AND RECOMMENDED DECISION

On Plaintiff's application for disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act, Defendant, the Social Security Administration Commissioner, found that Plaintiff has severe impairments but retains the functional capacity to perform substantial gainful activity. Defendant, therefore, denied Plaintiff's request for disability benefits. Plaintiff filed this action to obtain judicial review of Defendant's final administrative decision pursuant to 42 U.S.C. § 405(g).

Following a review of the record, and after consideration of the parties' arguments, I recommend the Court affirm the administrative decision.

### THE ADMINISTRATIVE FINDINGS

The Commissioner's final decision is the October 30, 2019 decision of the Administrative Law Judge. (ALJ Decision, ECF No. 17-2).[1] The ALJ's decision tracks

---

[1] Because the Appeals Council found no reason to review that decision (R. 1), Defendant's final decision is the ALJ's decision.

the familiar five-step sequential evaluation process for analyzing social security disability claims, 20 C.F.R. §§ 404.1520, 416.920.

The ALJ found that Plaintiff has severe, but non-listing-level impairments consisting of degenerative disc disease, depression, and anxiety. (R. 15.) The ALJ further found that despite Plaintiff's impairments, Plaintiff has the residual functional capacity (RFC) to perform light work except that Plaintiff may occasionally climb stairs but not ladders, may occasionally stoop, crouch or kneel, frequently balance, but never crawl; must avoid concentrated exposure to vibration and have no exposure to workplace hazards; and is limited to simple tasks, with no public interaction and no team or tandem tasks with coworkers. (R. 17.) Based on the RFC finding, Plaintiff's work experience, and the testimony of a vocational expert, the ALJ concluded that Plaintiff can perform substantial gainful activity existing in the national economy, including representative occupations of housekeeper, hand packer and inspector, and office helper. (R. 23-24.) The ALJ determined, therefore, that Plaintiff was not disabled.

## STANDARD OF REVIEW

A court must affirm the administrative decision provided the decision is based on the correct legal standards and is supported by substantial evidence, even if the record contains evidence capable of supporting an alternative outcome. *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981). "The ALJ's findings

of fact are conclusive when supported by substantial evidence, but they are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## DISCUSSION

Plaintiff argues (1) the ALJ erred when he failed to find Plaintiff's personality disorder to be a severe impairment at step 2 of the sequential analysis; (2) the ALJ's RFC assessment is not supported by substantial evidence; and (3) the vocational testimony based on the RFC does not constitute substantial evidence to support the ALJ's disability determination.

**A. Step 2**

Plaintiff alleges a disability, in part, based on a borderline personal disorder. (R. 232.) The ALJ found Plaintiff's depression and anxiety to be severe impairments, and considered the severity of Plaintiff's mental impairments "singly and in combination" in assessing the paragraph B criteria[2] of Listings 12.04 (depressive, bipolar and related disorders) and 12.06 (anxiety related disorders), found at 20 C.F.R. Pt. 404, Supt. P, App.1, ¶ A. (R. 15-16.) The ALJ did not specifically address Plaintiff's claimed personality disorder. (*Id.*)

At step 2 of the sequential evaluation process, a social security disability claimant must establish the alleged conditions are severe, but the burden is de minimis, and is designed merely to screen out groundless claims. *McDonald v. Sec'y of HHS*, 795 F.2d

---

[2] The four paragraph B criteria are (1) understanding, remembering or applying information, (2) interacting with others, (3) concentrating, persisting or maintaining pace, and (4) adapting and managing oneself.

3

1118, 1123-24 (1st Cir. 1986). The ALJ may find that an impairment or combination of impairments is not severe when the medical evidence "establishes only a slight abnormality or combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." *Id.* at 1124 (quoting Social Security Ruling 85–28). In other words, an impairment is severe if it has more than a minimal impact on a claimant's ability to perform basic work activities on a regular and continuing basis. *Id.*

Defendant does not necessarily challenge Plaintiff's contention that the ALJ improperly failed to address whether Plaintiff's personality disorder constitutes a severe impairment. Rather, Defendant argues that any error was harmless. If error occurred at step 2, remand would only be appropriate if Plaintiff demonstrates that the borderline personality disorder would require a restriction not included in the ALJ's RFC finding, and that the additional restriction is material to the ALJ's "not disabled" finding at step 4 or step 5. *Socobasin v. Astrue,* 882 F. Supp. 2d 137, 142 (D. Me. 2012) (citing *Bolduc v. Astrue,* No. 09–CV–220–B–W, 2010 WL 276280, at *4 n. 3 (D. Me. Jan. 19, 2010) ("[A]n error at Step 2 is uniformly considered harmless, and thus not to require remand, unless the plaintiff can demonstrate how the error would necessarily change the outcome of the plaintiff's claim.")); *McDonald v. Soc. Sec. Admin. Comm'r*, No. 1:09-cv-473-JAW, 2010 2680338, at *5 (D. Me. June 30, 2010) (error at step 2 "is necessarily harmless … unless the plaintiff can demonstrate to the court that the error would call for a different resolution of the claim").

The ALJ considered all of Plaintiff's symptoms in the assessment of Plaintiff's RFC, including the extent to which the symptoms were consistent with the medical record and other evidence. (R. 17.) The ALJ found that Plaintiff's severe mental impairments cause moderate limitations in the four functional areas identified in the paragraph B criteria. (R. 15-16.) In support of his conclusion, the ALJ cited: Plaintiff's education and work history; mental status examinations and treatment notes consistently failing to expose any significant problems with cognition; the results of a Minnesota Multiphasic Personality Inventory (MMPI),[3] which suggested some issues in interacting with others but recorded Plaintiff's own report of liking people in general and having friends; Plaintiff's self-reports of watching, playing and designing video games, listening to and composing music, and writing; treatment notes which reflect that while Plaintiff occasionally appeared disheveled, there was no evidence of decompensation, self-harm behaviors or emergency room visits; and the entire record reflecting a generally conservative course of psychiatric care. (*Id.*)

The ALJ limited Plaintiff to simple tasks, with no public interaction, and no team or tandem tasks with co-workers. Plaintiff has not identified additional, specific restrictions that would be necessary to accommodate the personality disorder and that would otherwise be supported by the record. Any error in failing to address Plaintiff's personality disorder, therefore, would be harmless. *See, e.g., Wallace v. Astrue*, No. 2:10-cv-428-GZS, 2011

---

[3] The examining psychologist who administered the MMPI to Plaintiff in October 2016, Debora Elliott-Ward, Ph.D., diagnosed Plaintiff with borderline personality disorder (R. 341), but her consultation report did not assess any specific functional limitations with respect to the disorder or any of Plaintiff's mental impairments. (R. 340-43.)

5

WL 4501065, at * (D. Me. Sept. 27, 2011) (*aff'd*, Oct. 11, 2011) (where ALJ failed to mention a number of plaintiff's claimed mental impairments in her decision, no error where plaintiff did not "show how a failure to find each omitted impairment to be severe would necessarily change the outcome of his claim."); *Carlton v. Soc. Sec. Admin. Comm'r*, No. 1:10-cv-00463-GZS, 2011 WL 4433660, at *5 (D. Me. Sept. 21, 2011) (*aff'd*, Oct. 12, 2011) (it is the plaintiff's burden to supply the medical evidence needed to establish the degree to which her claimed impairments limit her functional capacity); *see also Davis v. Colvin*, No. 1:14-cv-343-JHR, 2015 WL 3937423, at *4 (D. Me. June 25, 2015) ("the important point here is that the plaintiff does not point to any evidence that there was any further limitation on her [functional] ability …, and the burden of proof rests with the claimant through the establishment of an RFC").  Such a showing is "a basic requirement at this level of review."  *Courtney v. Colvin*, No. 2:13-cv-72-DBH, 2014 WL 320234, at *4 (D. Me. Jan. 29, 2014).

**B.  RFC**

Plaintiff argues that the ALJ's RFC limitations are not supported by the State agency psychological consultants' opinions nor by the opinion of Plaintiff's treating provider.

An "ALJ must measure the claimant's capabilities, and 'to make that measurement, an expert's RFC evaluation is ordinarily essential unless the extent of functional loss, and its effect on job performance, would be apparent even to a lay person.'"  *Manso-Pizzaro*, 76 F.3d at 17 (quoting *Santiago v. Sec'y of Health & Human Servs.*, 944 F.2d 1, 7 (1st Cir. 1991)); *see also Gordils v. Sec'y of Health & Human Servs.*, 921 F.2d 327, 329 (1st Cir. 1990) (ALJ is not "precluded from rendering common-sense judgments about functional

capacity based on medical findings, so long as [the ALJ] does not overstep the bounds of a lay person's competence and render a medical judgment.").

State agency psychological consultants Richard Maierhofer, Ph.D., and Brian Stahl, Ph.D., both found that Plaintiff's mental impairments were not severe. (R. 70, 89.) They each determined that Plaintiff had only mild limitations in the four paragraph B criteria of understanding, remembering, or applying information, interacting with others, concentrating, persisting, or maintaining pace, and adapting and managing oneself. (R. 71, 89.) Consequently, neither Dr. Maierhofer nor Dr. Stahl assessed an RFC for Plaintiff. (R. 72, 90.) The ALJ nevertheless found Plaintiff's depression and anxiety to be severe impairments, determined that Plaintiff had moderate limitations in each of the four paragraph B criteria, and included relevant limitations in Plaintiff's RFC. (R. 15-17.) The ALJ explained further that his severity findings and corresponding limitations were based on "maximum deference" to Plaintiff's subjective reports, to the extent the reports were supported by the medical record. (R. 22.)

The ALJ was persuaded by Dr. Maierfhofer's and Dr. Stahl's opinions to the extent they were "reflective of minimal objective findings in the record." (R. 22.) Under the circumstances, however, the findings of Drs. Maierhofer and Stahl cannot reasonably constitute substantial evidence for the ALJ's RFC assessment, because, "as a practical matter," the ALJ could not "have given any weight to the opinions" of the psychological consultants, "neither of whom had occasion to assess [Plaintiff's] mental RFC." *Staples v. Berryhill*, No. 1:16-cv-00091-GZS, 2017 WL 1011426, at *4 (D. Me. Mar. 15, 2017) (*aff'd*, Mar. 30, 2017); *see also Laura S. v. Soc. Sec. Admin. Comm'r*, 2:18-cv-00375-JDL,

7

2019 WL 4046541, at *5 (D. Me. Aug. 27, 2019).

The ALJ, however, did not err, and remand is not required. First, the ALJ explained that he assessed greater limitations because he gave "maximum deference" to Plaintiff's self-reports as supported by other evidence. "In doing so, he gave [Plaintiff] the benefit of the doubt, adopting an RFC more favorable to [Plaintiff] than the evidence – the agency nonexamining consultants' opinions that [Plaintiff] had no limitations – would otherwise support. That, in turn, rendered any error in assessing the RFC … harmless." *Alexander J.M. v. Saul*, No. 2:20-cv-00142-LEW, 2021 WL 674013, at *3 (D. Me. Feb. 21, 2021); *see also Lee v. Berryhill*, No. 2:17-cv-00040-JHR, 2018 WL 793595, at *5 (D. Me. Feb. 8, 2018) (ALJ can give the claimant the "benefit of the doubt" and recognized limitations in the RFC finding beyond those expressed in an opinion that the ALJ might otherwise rely on as substantial evidence of a less restrictive RFC); *Soto v. Colvin*, No. 2:14-cv-28-JHR, 2015 WL 58401, at *3 (D. Me. Jan. 5, 2015) ("A claimant may not obtain a remand on the basis of an RFC that is more favorable than the evidence would otherwise support.").

In addition, the ALJ found persuasive the opinion of Plaintiff's therapist, Lynna Tupica, LCPC, who found Plaintiff to be markedly limited in several abilities, which were described as "needed for semi-skilled and skilled work."[4] (R. 529.) Specifically, Ms. Tupica determined that Plaintiff was markedly limited in the ability to understand, remember and carry out detailed instructions and to set realistic goals or make plans

---

[4] The form defines "Markedly Limited" to mean that there "is a substantial loss in the ability to effectively function in this area." (R. 528.) "Moderately Limited" is defined as "a serious limitation in this area and functioning is less than satisfactory, but not precluded." (*Id.*)

independently. (*Id*.) Ms. Tupica further explained that Plaintiff "displays chronic patterns related to difficulty in areas of concentration and focus." (*Id*.) Ms. Tupica also assessed Plaintiff as moderately limited in other abilities and aptitudes. (R. 528-29.)

The ALJ supportably concluded that Ms. Tupica's opinions were consistent with the assessed RFC, which limited Plaintiff to performing simple tasks, which do not "require significant understanding, memory, and execution," or "the ability to set goals or make plans." (R. 22.) As the ALJ observed, "[b]y their nature," simple tasks do not "require thinking ahead …." (*Id*.) Because "the RFC was based at least in part on the … weight afforded" Ms. Tupica's opinion, the ALJ "did not impermissibly interpret raw medical data." *Tyler H. v. Saul*, 1:19-cv-00005-GZS, 2019 WL 2648446, at *5 (June 27, 2019) (*aff'd*, July 15, 2019). The ALJ's RFC assessment, therefore, is supported by substantial evidence.

## C.  Vocational Testimony

Plaintiff challenges the testimony of the vocational expert. Because Plaintiff's challenge depends on the Court finding that the ALJ's step 2 and RFC findings are erroneous, given the above analysis, Plaintiff cannot prevail on the challenge to the vocational expert's testimony.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court affirm the administrative decision.

## **NOTICE**

      A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

      Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

                                   /s/ John C. Nivison
                                   U.S. Magistrate Judge

Dated this 30th day of November, 2021.